Filed 12/14/15  P. v. Lyons CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>ADRIAN LYONS,<br><br>     Defendant and Appellant. | F070167<br><br>(Super. Ct. No. BF136638A)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Gary T. Friedman, Judge.

Michael McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Kane, J. and Smith, J.

Adrian Lyons was convicted of various crimes after he and an accomplice attempted to rob a taxi cab driver. The victim was shot twice by the accomplice. In Lyons's first appeal, we vacated several gang related enhancements and remanded the matter to the trial court for resentencing. (*People v. Lyons* (Mar. 19, 2014, mod. Apr. 1, 2014, F064902) [nonpub. opn.].)

This appeal is from the sentence imposed after the matter was remanded to the trial court. Appellate counsel could not identify any arguable issues on appeal. After reviewing the proceedings, we agree no error occurred and affirm the judgment.

### FACTUAL AND PROCEDURAL SUMMARY

Lyons and codefendant Jeffrey Allen Rector were convicted of various crimes related to an attempted robbery of a taxi cab driver. The jury found Lyons guilty of (1) attempted second degree murder (Pen. Code, §§ 664, 187),[1] (2) aggravated mayhem (§ 205), (3) attempted second degree robbery (§§ 664, 211), and (4) participation in a criminal street gang (§ 186.22, subd. (a)). The jury also found true allegations that (1) the crimes were committed for the benefit of a criminal street gang within the meaning of section 186.22, subdivision (b)(1), and (2) Lyons was a principal in the offense and at least one principal intentionally discharged a firearm proximately causing great bodily injury within the meaning of section 12022.53, subdivisions (d) and (e)(1). In a bifurcated trial, the trial court found Lyons had served three prior prison terms pursuant to the provisions of section 667.5, subdivision (d).

The trial court sentenced Lyons to an aggravated term of nine years for the attempted murder, enhanced by a term of 25 years to life pursuant to section 12022.53, subdivisions (d) and (e)(1), and three one-year terms pursuant to section 667.5, subdivision (b), for a total determinate term of 12 years and an indeterminate term of

---

[1] All statutory references are to the Penal Code unless otherwise stated.

25 years to life.  The sentences on the remaining counts and enhancements were stayed pursuant to section 654.

In the first appeal, we found that the gang enhancements related to Lyons convictions, as well as the substantive crime of active participation in a criminal street gang, were not supported by substantial evidence.  We remanded the matter to the trial court for resentencing.

This appeal is from the proceedings that occurred at the resentencing hearing.  As the result of the first appeal, Lyons was subject to sentencing on attempted second degree murder, aggravated mayhem, and attempted second degree robbery, as well as the three prior prison term enhancements pursuant to section 667.5, subdivision (d).

The trial court chose the aggravated mayhem count as the principal term and sentenced Lyons to a term of life in prison with the possibility of parole, plus three years for the three enhancements.  The sentences on the remaining counts were stayed pursuant to section 654.

## DISCUSSION

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, asserting that after he reviewed the record he failed to identify any arguable issues.  By letter dated January 16, 2015, we invited Lyons to inform this court of any issues he would like us to address.  Lyons did not respond to our letter.  However, in his notice of appeal Lyons argued the trial court erred when it imposed a life sentence on the aggravated mayhem count because the sentence on this count was originally stayed pursuant to section 654.  Lyons asserted the trial court should have simply removed all of the vacated enhancements from his original sentence, which would have left him with a sentence of nine years on the attempted murder count and three years for the prison priors.

Lyons argument is legally incorrect.  Section 654, subdivision (a) provides that when a single act or course of conduct results in conviction of various crimes, the

3.

defendant may only be punished for one crime. However, the trial court is required to impose punishment "under the provision that provides for the longest potential term of imprisonment." After the trial, the crime that would result in the longest term of imprisonment was the attempted murder count along with the firearm enhancement (determinate term of 12 years plus 25 years to life). The sentence on the aggravated mayhem count would have been shorter (determinate term of three years plus seven years to life).

However, after prevailing on appeal, the reverse was true; the term on the attempted murder count (determinate term of 12 years[2]) was shorter than the term on the aggravated mayhem count (determinate term of three years plus indeterminate term of life with the possibility of parole with a minimum parole eligibility of seven years[3]). Accordingly, section 654 forced the trial court to choose the aggravated mayhem count as the principal term. Since the sentence imposed after the appeal is shorter than the sentence originally imposed, double jeopardy principals are not implicated. (*People v. Monge* (1997) 16 Cal.4th 826, 843 [state double jeopardy clause prohibits imposition of greater sentence following successful appeal].)

## DISPOSITION

The judgment is affirmed.

---

[2] This sentence is computed by adding to the aggravated term of nine years for attempted murder (§ 664, subd. (a)) the three years for the prison term enhancements.

[3] The determinate term is for the three prison term enhancements. Aggravated mayhem is punished by life in prison, and section 3046, subdivision (a)(1) provides the minimum term that must be served is seven years.